# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. DIAZ, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00199-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION AS TIME BARRED<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Michael Jacobsen ("Plaintiff") is housed at the Fresno County Jail. He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on February 1, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations**

Plaintiff is housed at the Fresno County Jail, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Rolando Diaz, Correctional Sergeant; and (2) James Barahas, Correctional Officer.

In Claim 1, Plaintiff alleges that he was involved in an incident of alleged excessive force committed by Defendant Diaz on December 25, 2013.

In Claim 2, Plaintiff alleges that on March 10, 2014, Officer Barahas was walking Plaintiff to the law library. Officer Barahas asked plaintiff to get against the wall and put his legal work on the chair next to him. Officer Barahas conducted a pat-down search, told Plaintiff to stay against the wall, and then began going through Plaintiff's legal work. Officer Barahas allegedly was mixing up the pages and crumpling them as pretended to search the stack of papers. Plaintiff said, "Stop crumpling my legal work, I need to file them with the courts." Plaintiff came off the wall and said, "What are you doing?" Officer Barahas then put Plaintiff's motions back down and asked him to unbutton his jumpsuit. Plaintiff said, "No, you are harassing me . . . no other officers even

2

pat me down just to go to the law library, get the Sergent [sic] cause this is bullshit." Officer Barahas then took Plaintiff to the law library. Plaintiff attempted to explain how important his legal work was to his freedom. After Officer Barahas shut Plaintiff in the library, he said that he was writing Plaintiff up and walked away.

Plaintiff called Corporal Moua and another officer to the door. Plaintiff showed them what Officer Barahas had done to his legal work. That evening, Plaintiff filed a grievance against Officer Barahas.

The next day, on March 11, 2014, Plaintiff was escorted to the law library by Corporal Moua. Before she shut the door, she said that she had a couple of write-ups to hear. When Plaintiff inquired, she said for threatening Officer Barahas the day before and for another write from the previous week. Plaintiff informed Corporal Moua that he intended to use her as a witness on the write-up from the day before, so she could not use it, and that it was too late to write him up or hear something from the previous week pursuant to the County Jail handbook. Corporal Moua refused to listen and told Plaintiff that he could either allow her to hear it or refuse the hearing all together. Plaintiff contends that he had no other option than to obtain the attention of the supervisor. Plaintiff sat on the ground, legs out, with all his legal work in his hand and said, "I'm not moving until I speak with your supervisor."

Officer Barahas bent down and grabbed Plaintiff and rolled him over on his stomach. Corporal Moua sat on Plaintiff's legs while Officer Barahas kept bashing his knee into the back of Plaintiff's neck, forcing his face to get crushed into the floor. Sergeant Diaz and a few other officers came to assist. After Plaintiff's arms were forced behind his back, Sergeant Diaz slammed Plaintiff into every wall all the way to the elevator and down to second floor medical. Sergeant Diaz reportedly ignored Plaintiff's statements about his "cuff-in-front" chrono and his torn rotator cuff.

Plaintiff alleges that his right eye, left hand and right shoulder were injured. Plaintiff attempted to grieve the incident, but never received a response. Plaintiff's medical slips also were ignored.

Once Plaintiff got to Wasco, the dentist x-rayed Plaintiff's teeth and informed him that his

right jaw had been fractured under the eye and had healed crooked. This caused Plaintiff's crooked bite. The dentist allegedly had to grind Plaintiff's teeth to compensate for the crooked bite. At Tehachapi, x-rays of Plaintiff's shoulder showed a re-tearing of the cuff. Plaintiff began physical therapy on his shoulder to try and fix what officer Barahas and Sergeant Diaz had damaged.

In Claim 3, Plaintiff alleges that Sergeant Diaz took him out of his cell for a medical call. The nurse kept saying something about syphilis, while Sergeant Diaz stood outside the door laughing. Plaintiff told them to take him back to his cell. Sergeant Diaz and Plaintiff had words on the way back to the cell. A week later at Plaintiff's new trial motion and sentencing, Judge Vogt said that on May 25, the Sergeant gave him a letter and told him that Plaintiff had written it, but it had been intercepted. Plaintiff alleges that because of the letter, Judge Vogt denied his new trial motion and sent him to prison for 32 months. Plaintiff contends that he did not write any such letter. Judge Vogt showed him a copy of the letter in court, which was the first time Plaintiff had ever seen or heard of the letter.

Plaintiff contends that the Sergeant liked to sabotage Plaintiff's hearing and sentencing. The letter accused Judge Vogt of illegal activity, and the writer of the letter kept asking to be sent to a state mental hospital. Plaintiff asserts that he did not write the letter and it had nothing to do with him. Plaintiff alleges that the Sergeant lied to the judge to make him think Plaintiff needed mental help.

Plaintiff seek monetary relief in the amount of $4,000,000.00.

**III.    Discussion**

Plaintiff's complaint appears to allege federal claims that are time-barred, and thus his complaint should be dismissed. A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. See Belanus v. Clark, 796 F.3d 1021, 1024–27 (9th Cir. 2015); see also Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.1993) (claim may be dismissed under 12(b)(6) for failure to state a claim

on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954–55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies, and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. Douglas, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.3d at 916 (citation

and quotation marks omitted); see also Addison v. State of California, 21 Cal.3d 313, 319 (1978) (citations omitted).

Here, it is apparent from the face of Plaintiff's complaint that his federal claims predicated on the incidents occurring in the Fresno County Jail in 2013 and 2014 are time barred. As to the incident on December 25, 2013, Plaintiff's claims accrued on that same date, and it is apparent from the face of the complaint that he knew then of the injury that was the basis of his claims, and he even submitted a grievance regarding the incident to jail officials three days later. Assuming that Plaintiff was entitled to an additional two years to file his claim due to his incarceration, Plaintiff's complaint must have been filed no later than December 25, 2017, i.e., four years after the incident. However, the initial complaint in this action was signed on January 14, 2018, and entered into this Court's docket on February 1, 2018. Accordingly, Plaintiff's claims based on the incident of December 25, 2013, is time barred.

With respect to claims predicted on incidents occurring on March 10, 2014, and May 25, 2014, it does not appear from the face of the complaint that Plaintiff was entitled to two full years of additional tolling based his state incarceration. According to the complaint, Plaintiff was sentenced in May or June 2014 to state prison, and he apparently was released from state custody and subsequently arrested and detained in the Fresno County jail during the intervening period between the 2014 incidents and the filing of this action. Any additional tolling due to his incarceration would have ended upon his release from state custody, and prior to his apparent arrest and detention in the county jail. Cal. Code Civ. P. § 352.1(a) ("If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, *the time of that disability* is not a part of the time limited for the commencement of the action, not to exceed two years.") (emphasis added). As Plaintiff filed this action while detained in the Fresno County Jail, he did not file the complaint upon his release from state custody. Thus, Plaintiff's claims based on the incidents in March and May of 2014 also appear to be time barred.

Furthermore, the complaint does not plausibly allege that Plaintiff would be entitled to

equitable tolling. Plaintiff has not met the conditions necessary to invoke the doctrine of equitable tolling. Although Defendants had initial notice of the claims, it is not reasonable to conclude that Defendants had timely notice between 2013 and 2017 that Plaintiff still intended to pursue those claims. It also is not reasonable to conclude that Plaintiff's failure to pursue such claims within that time was reasonable and/or in good faith or that Defendants would not be significantly prejudiced by having to defend the otherwise barred claims. Fink, 192 F.3d at 916, Ervin v. Los Angeles Cty., 848 F.2d 1018, 1020 (delay of year and a half in filing federal civil rights claim was neither reasonable nor in good faith). Thus, the amended complaint reflects that the applicable statute of limitations on Plaintiff's federal claims expired before Plaintiff filed this action in 20178

### IV. Conclusion and Recommendation

Plaintiff's claims are barred by the relevant statute of limitations, and this action should be dismissed. Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action. Further, IT IS HEREBY RECOMMENDED that this action be dismissed as time barred.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE