# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN, <br><br> Plaintiff, <br><br> v. <br><br> DIAZ, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00199-LJO-BAM (PC) <br><br> ORDER DENYING MOTION TO REOPEN CASE <br><br> (ECF No. 25) |

Plaintiff Michael Jacobsen ("Plaintiff") is a former county detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2018, the assigned Magistrate Judge issued findings and recommendations recommending dismissal of this action as time barred. (ECF No. 20.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 7.) Plaintiff filed objections on August 6, 2018. (ECF No. 22.) On August 8, 2018, the undersigned adopted the findings and recommendations in full. (ECF No. 23.) Judgment was entered accordingly the same day. (ECF No. 24.)

Currently before the Court is Plaintiff's motion seeking to set aside the dismissal of this action, "due to good cause for the lack of prosecution," filed December 3, 2019. (ECF No. 25.)

1

The Court has received no other communication from Plaintiff regarding this action between entry of judgment on August 8, 2018, and the instant motion.

In his motion, Plaintiff states that this action was "dismissed due to lack of prosecution and the time running out on the deadlines & cut off dates." (ECF No. 25, p. 1.) Plaintiff goes on to explain that due to a combination of re-incarceration, lack of knowledge with legal matters, his inability to find counsel, his house burning up with all of his legal work inside, and various other troubles, he has been unable to prosecute this action. Plaintiff therefore argues that the dismissal of this action should be set aside for good cause for his lack of prosecution. (Id.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Although Plaintiff states that he is presenting new circumstances to explain his lack of prosecution in this action, warranting reopening of the case, this action was not dismissed based on any lack of prosecution by Plaintiff. As noted above, the Magistrate Judge recommended dismissal of this action as time barred, and after consideration of Plaintiff's objections, the undersigned adopted that recommendation in full. Plaintiff did not fail to meet any deadlines in this action, and he had an opportunity to respond to the findings and recommendations before they were adopted in full. Nothing presented in this new motion supports reconsideration of that decision.

Accordingly, Plaintiff's motion to reopen this action, (ECF No. 25), is HEREBY DENIED. This action remains closed.

IT IS SO ORDERED.

Dated: **December 4, 2019**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE